# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRAD CARROLL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-155-1

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Pursuant to his conditional guilty plea, Brad Carroll challenges convictions for one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). He contends the district court erred in denying his motion to suppress evidence obtained in a search of his computer.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20275

In an investigation into a child-pornography website, FBI agents identified a website user named "Marlbororo" linked to an internet-protocol (IP) address assigned to Donna Carroll at 8750 Point Park Drive, Houston, Texas, 77095. An affidavit supporting the FBI's search warrant averred there was probable cause that "TIMOTHY CARROLL or a user of the Internet account at 8750 Point Park Drive . . . has been linked to an online community of individuals who [commit] child pornography [offenses]".

The ensuing warrant permitted, *inter alia*, a search of *all* "[c]omputers or storage media used as a means to commit the [child-pornography] violations" at the above address, where, unknown to the FBI agents, Brad Carroll lived with his brother, Timothy Carroll, and his mother, Donna Carroll. After the FBI agents entered the apartment, both Brad and Timothy Carroll confessed to child-pornography offenses, and the agents seized and searched both Brad and Timothy Carroll's computers.

Carroll contends the affidavit in support of the warrant authorizing the search of the apartment established probable cause *only* as to Timothy Carroll, because only his computer was capable of accessing the particular website the FBI agents had been investigating. He also asserts the search warrant was overbroad because it allowed for the seizure of any computer, whether or not it belonged to, or was under the control of, Timothy Carroll. In addition to contesting Carroll's assertions, the Government, as it did in district court, relies upon the good-faith exception to the exclusionary rule.

"Where a district court has denied a motion to suppress evidence, we review its factual findings for clear error and its conclusions of law *de novo*." *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). "We view the evidence in the light most favorable to the party that prevailed below", and "may affirm the district court's decision on any basis established by the record". *Id.*

No. 17-20275

"This [c]ourt conducts a two-part inquiry to determine whether a seizure conducted pursuant to a search warrant violated the Fourth Amendment." *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). First determined is whether the good-faith exception to the exclusionary rule applies. *Id.* If it does, no further analysis is conducted; and the district court's denial of the suppression motion will be affirmed, "unless the case presents a novel question of law whose resolution is necessary to guide future action by law enforcement officers and magistrates". *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation omitted). If the exception does not apply, next determined is "whether the magistrate issuing the warrant had a substantial basis for believing there was probable cause for the search". *Allen*, 625 F.3d at 835 (internal quotation omitted).

The good-faith exception provides: "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the warrant was unsupported by probable cause". *Mays*, 466 F.3d at 343 (internal quotation omitted). There is no "good-faith reliance" if:

> (1) the issuing-judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing-judge wholly abandoned his judicial role in such a manner that no reasonably well trained officer should rely on the warrant; (3) the underlying affidavit is bare bones (so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable); or (4) the warrant is so facially deficient . . . that the executing officers cannot reasonably presume it to be valid[.]

*Id.* (internal quotation omitted).

Although the district court did not address the Government's reliance, *inter alia*, on the good-faith exception, we may, as noted *supra*, affirm on any basis supported by the record. (Here, the Government again relies in part on

3

No. 17-20275

the exception.  It is not discussed in Carroll's opening brief on appeal, nor did he file a reply brief in which the Government's reliance on the exception could have been addressed.)  *Pack*, 612 F.3d at 347.

As shown in the record, as reflected *supra*, the executing agents' reliance upon the warrant was objectively reasonable and made in good faith.  *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013); *see also United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007) (There was probable cause to search residence "to which the IP address was assigned, [because] it remained likely that the source of the transmissions was inside that residence"); *and United States v. Reichling*, 781 F.3d 883, 886–88 (7th Cir. 2015).  Accordingly, no further analysis is required.

AFFIRMED.